UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VERNON H. QUINN, JR.,

         Plaintiff,

       v.

CITIBANK,

         Defendant.

Case No. 16-cv-810-JPG-SCW

**MEMORANDUM AND ORDER**

      This matter comes before the Court on plaintiff Vernon H. Quinn, Jr.'s motion for leave to proceed *in forma pauperis* (Doc. 3).   A federal court may permit an indigent party to proceed without pre-payment of fees.   28 U.S.C. § 1915(a)(1).   Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim.   28 U.S.C. § 1915(e)(2)(B)(i) & (ii).   When assessing a motion to proceed *in forma pauperis,* a district court should inquire into the merits of the movant's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

      The Court is satisfied from Quinn's affidavit that he is indigent.   However, the Court finds Quinn has not provided enough information to show this Court has jurisdiction over this state law negligence action.

      Specifically, Quinn does not allege a statutory basis for federal jurisdiction, so the Court concludes he must be relying on the federal diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the opposing parties not be citizens of the same state, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), but Quinn has not alleged his own citizenship or that of defendant Citibank.   Because it is not clear the parties lack complete

diversity in this case, the Court will allow Quinn an opportunity to amend his complaint to allege the facts necessary to establish federal diversity jurisdiction, that is, that his citizenship is not the same as the citizenship of Citibank.   The Court reminds Quinn that the citizenship of an inmate is "the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state." *Singletary v. Continental Ill. Nat'l Bank*, 9 F.3d 1236, 1238 (7th Cir. 1993).   The citizenship of a corporation is the state of its principal place of business <u>and</u> the state of its incorporation, 28 U.S.C. § 1332(c)(1).   The citizenship of a national banking association is the state in which it is located, 28 U.S.C. § 1348, and it is located in the state in which its main office, as set forth in its articles of incorporation, is located.   *Wachovia Bank N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).   It may also be a citizen of the state of its principal place of business.   *See Firstar Bank N.A. v. Faul*, 253 F.3d 982, 988 (7th Cir. 2001).

Additionally, federal diversity jurisdiction requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.   28 U.S.C. § 1332(a).   Quinn alleges Citibank was negligent by failing to answer his questions regarding how to transfer funds in his checking account to his inmate trust fund account.   The Court is hard-pressed to see how this alleged negligence places more than $75,000 in issue.   However, the Court will allow Quinn to amend his complaint to allege facts showing more than $75,000 is in issue.

Quinn shall have up to and including September 26, 2016, to file an amended complaint asserting his and Citibank's citizenships and alleging facts to support an amount in controversy of more than $75,000, excluding interests and costs.   In the meantime, the Court **RESERVES RULING** on his motion for leave to proceed *in forma pauperis* (Doc. 3).   If Quinn fails to timely file an amended complaint with the required information, the Court will deny Quinn's motion for

leave to proceed *in forma pauperis* and will dismiss this case without prejudice for lack of jurisdiction.   The Court reminds Quinn that state courts remain open to him to resolve his dispute with Citibank.

**IT IS SO ORDERED.**
**DATED:   August 29, 2016**

s/ J. Phil Gilbert_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**